IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ALBERT GHAZZAWIEH AND
INSTALLATION CORP. &
CONSTRUCTION, LLC,

   Appellants,

 v.

Case No. 5D21-879
LT Case No. 2017-CA-0507

JONY IGLESIAS,

   Appellee.

_____/

Opinion filed April 8, 2022

Appeal from the Circuit Court
for Seminole County,
Donna L. McIntosh, Judge.

Shelley Ray Senecal, of Law Office of
Shelley Senecal, Fort Lauderdale, for
Appellants.

Jeffrey M. Byrd, of Jeffrey M. Byrd,
P.A., Orlando, for Appellee.


PER CURIAM.

After prevailing at trial, Jony Iglesias (Plaintiff below) obtained an award of attorney's fees pursuant to his proposals for settlement. The proposals for settlement included language that "[t]his proposal is conditioned upon payment of this settlement proposal within the relevant 30–day service period." Appellants argue that the trial court erred in denying their motion to strike the proposals for settlement. We affirm.

In their initial brief, Appellants articulate a single basis in support of their argument that the proposals for settlement did not strictly conform to the requirements set forth in section 768.79, Florida Statutes (2017), and Florida Rule of Civil Procedure 1.442. Specifically, Appellants contend that the proposals for settlement improperly shortened the 30–day time period for acceptance of a proposal for settlement provided in section 768.79(4), Florida Statutes (2017), and rule 1.442(f)(1). We reject that argument. As Iglesias correctly observes, a tender of payment and a written acceptance of the proposal for settlement could have been made simultaneously. Thus, we conclude that the proposals for settlement served below did not shorten the time period for acceptance.

Our affirmance of the trial court's order should not be construed as a determination that the proposals for settlement at issue strictly complied with

section 768.79 and rule 1.442.  Rather, our opinion reflects a rejection of the sole argument made on appeal by Appellants on the issue.

AFFIRMED.

EVANDER, EISNAUGLE and WOZNIAK, JJ., concur.